IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Asani Bolton, | ) | C/A No. 3:25-4740-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| JP Morgan Chase, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This banking case is before the court for a Report and Recommendation[1] on the plaintiff's motion to remand (ECF No. 6) and the defendant's motion to dismiss (ECF No. 18). Having reviewed the parties' submissions[2] (ECF Nos. 6, 17, 18, 22 & 23) and the applicable law, the court recommends that the plaintiff's motion to remand be denied and the defendant's motion to dismiss be granted.

### BACKGROUND

    The plaintiff, Asani Bolton, brought this action alleging violations of Section 16 of the Federal Reserve Act, 12 U.S.C. § 411, et seq. ("FRA"), against JP Morgan Chase based on the bank's denial of her credit card application. The Complaint asserts that the bank improperly assessed the agent's financial standing instead of the principal's. (ECF No. 1-1 at 8.) The Complaint seeks an extension of credit and nonmonetary relief. (Id. at 10.) Based on her filings, the plaintiff appears to subscribe to what is commonly referred to as the "sovereign citizen" belief

---

[1] See 28 U.S.C. § 636(b); Local Civil Rule 73.02(B)(2) (D.S.C.).

[2] Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the plaintiff of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendant's motion. (ECF No. 18.)

system. (See, e.g., ECF No. 1-1 at 8-11 (discussing the plaintiff's authority to act on behalf of a principal and to discharge debt through the tender of an instrument), ECF No. 22 at 2 (again discussing her agency status based on a valid power of attorney)); Williams v. PennyMac Loan Services, C/A No. 3:23-5063-MGL-SVH, 2023 WL 7742736, at *2-4 (D.S.C. Oct. 25, 2023) (describing sovereign citizen ideology and collecting cases dismissing related claims as frivolous). The defendant removed this case from the Richland County Court of Common Pleas based on both federal question jurisdiction and diversity of citizenship. The plaintiff now moves to remand and the defendant moves to dismiss.

## DISCUSSION

**A.     Motion to Remand**

    **1.     Applicable Standard**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998); see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the court's jurisdiction rests with the party asserting jurisdiction. Kokkonen, 511 U.S. at 377 (citing McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 183 (1936)). "Removal statutes, in particular, must be strictly construed, inasmuch as the removal of cases from state to federal court raises significant federalism concerns." Barbour v. Int'l Union, 640 F.3d 599, 605 (4th Cir. 2011) (*en banc*) (abrogated in part on other grounds by statute) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)). "Doubts about the propriety of removal should be resolved in favor of remanding the case to state court." Id. (citing Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004)).

A defendant may remove any civil action brought in a state court of which the federal district court has original jurisdiction. 28 U.S.C. § 1441(a). But the court must remand the case at any time before the final judgment if it appears that the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). The United States Supreme Court has commanded that, when considering jurisdiction over a removed case, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Shamrock Oil, 313 U.S. at 109 (internal quotation marks and citation omitted).

Where removal is challenged, the defendant bears the burden of establishing jurisdiction by a preponderance of the evidence. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994); Chau v. Air Cargo Carriers, LLC, 425 F. Supp. 3d 658, 661 (S.D.W. Va. 2019). The court must resolve the issue by reference to the complaint, notice of removal, and state court record at the time the notice of removal was filed, and the court may consider evidence on issues of fact. See 14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3739 (Rev. 4th ed. Oct. 2020); see also Sherr v. S.C. Elec. & Gas Co., 180 F. Supp. 3d 407, 413 n.2 (D.S.C. 2016) ("On a motion to remand for lack of subject matter jurisdiction, the court may consider materials outside of the complaint including documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis and may assume the truth of facts raised in the complaint that are non-jurisdictional.") (internal alterations omitted) (quoting BGC Partners Inc. v. Avison Young (Canada) Inc., C/A No. 2:15-02057-DCN, 2015 WL 7458593, at *1 n.2 (D.S.C. Nov. 24, 2015)).

2.	**Plaintiff's Motion to Remand**

The plaintiff first argues that there is no federal question jurisdiction because, even though she references Section 16 of the Federal Reserve Act, that statute "is not the basis for a federal cause of action under 28 U.S.C. § 1331." (Pl.'s Mot. Remand, ECF No. 6 at 1.) She further argues, "No exclusive federal jurisdiction is claimed or necessary to resolve the matter." Id. However, the only law referenced in the Complaint is the Federal Reserve Act, and the Complaint seeks relief for alleged violations of the Act. (See ECF No. 1-1 at 9.) Further, the Complaint alleges "discrimination," potentially invoking the federal Equal Credit Opportunity Act ("ECOA"). Although the plaintiff contends that her claims are based in state tort and contract law, including "mishandling of secured application" and "denial of fiduciary protections," no actual state law cause of action is apparent from her factual allegations, as more fully addressed below. And even if there were, the presence of state law claims would not negate federal court jurisdiction based on the Federal Reserve Act or the Equal Credit Opportunity Act. Cf. 28 U.S.C. § 1367 (supplemental jurisdiction). Moreover, for an action to be removable to federal court, jurisdiction need not be exclusive. See Whitfield v. Fed. Crop Ins. Corp., 557 F.2d 413, 414 (4th Cir. 1977) (finding remand unwarranted where state and federal courts had concurrent jurisdiction over a claim); 32 Am. Jur. 2d Federal Courts § 1289 ("That the state courts have concurrent jurisdiction over an action does not defeat a defendant's right to removal.").

With respect to diversity jurisdiction, the plaintiff argues that the amount in controversy requirement is not satisfied. However, as the defendant rightly points out, where, as here, a complaint does not specify damages, the amount in controversy may be satisfied with plausible allegations in the notice of removal unless it appears to a legal certainty that the plaintiff cannot recover damages in excess of $75,000. See 14C Charles Alan Wright & Arthur R. Miller, Federal

Practice & Procedure § 3725 (Rev. 4th ed. Oct. 2020); Dart Cherokee Basin Operating Co., LLC v. Owens, 474 U.S. 81, 89 (2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); see also Hunt v. Washington State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); 28 U.S.C. § 1446(c)(2)(A)(i) (providing that a notice of removal may assert the amount in controversy if the initial pleading seeks nonmonetary relief).  Therefore, diversity of citizenship provides an independent basis for removal of this lawsuit.

**B.        Defendant's Motion to Dismiss**

　　**1.        Applicable Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged.  Id.  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."

Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson, 551 U.S. 89, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### 2.     Defendant's Motion

The defendant correctly argues that any claim under the Federal Reserve Act must be dismissed because the Act does not create a private right of action.  See, e.g., Yancey v. Fulton Fin. Corp., 2024 WL 1344534, at *1 (E.D. Va. Mar. 8, 2024); Davis v. Parda Credit Union, 2025 WL 1331490, at *3 (D.S.C. Jan. 22, 2025).

Moreover, although the plaintiff's Complaint does not expressly reference the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, et. seq., it does mention "discriminatory practices" and "unlawful denial" of her credit card application.  (See ECF No. 1-1 at 9.)  But to the extent the Complaint purports to assert a claim under ECOA, it fails to allege facts stating a plausible claim under that statute.  See Wise v. Vilsack, 496 F. App'x 283, 285-86 (4th Cir. 2012) (explaining that a *prima facie* case in the ECOA context requires allegations that the plaintiffs are members of a protected class, applied for and were qualified for an extension of credit, were denied credit despite their qualifications, and the defendant extended credit to others of similar credit stature outside of the plaintiffs' protected class).

Finally, even though the plaintiff contends that her Complaint is grounded in state law, she fails to state any plausible state law claim. To the extent she relies on some breach of fiduciary duty, banks are generally not fiduciaries to their customers or prospective customers under South Carolina law. See Regions Bank v. Schmauch, 582 S.E.2d 432, 671 (S.C. Ct. App. 2003) ("South Carolina holds the normal relationship between a bank and its customer is one of creditor-debtor and not fiduciary in nature."). In fact, they generally owe no duty of care to applicants such as the plaintiff, so any form of negligence claim based on alleged mishandling of her application fails as a matter of law.[3] See Midland Mortg. Corp. v. Wells Fargo Bank, N.A., 926 F. Supp. 2d 780, 792 (D.S.C. Feb. 25, 2013) (noting that in South Carolina banks "neither owe[] a duty of care to customers or non-customers.").

## RECOMMENDATION

The plaintiff's Complaint expressly relied upon federal law, and, in any event, the notice of removal demonstrates diversity of citizenship. Remand is therefore unwarranted, and the plaintiff's motion should be denied. But the Complaint fails to allege facts stating any plausible claim of either federal or state law. The Complaint should therefore be dismissed under Rule 12(b)(6).[4]

_____
October 16, 2025	Paige J. Gossett
Columbia, South Carolina	UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[3] Although the plaintiff references negligent infliction of emotional distress, that cause of action plainly does not apply under South Carolina law. See K.S. by and through Seeger v. Richland School District Two, 912 S.E.2d 240, 244 (S.C. 2025) ("The cause of action for the negligent infliction of emotional distress is limited to the bystander context.").

[4] If this recommendation is adopted, the plaintiff's motion to compel (ECF No. 37) should be terminated as moot.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).