IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Asani Bolton,<br><br>                  Plaintiff,<br><br>v.<br><br>JP Morgan Chase,<br><br>                  Defendant. | C/A No. 3:25-cv-4740-JFA-PJG<br><br>**ORDER** |

**I.    INTRODUCTION**

Asani Bolton ("Plaintiff"), proceeding pro se, brings this action averring several claims against JP Morgan Chase. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

Specifically, the Magistrate Judge assigned to this action performed an initial review of Plaintiff's motion to remand (ECF No. 6) and Defendant's motion to dismiss (ECF No. 18). After reviewing the motions and all responsive briefing, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 38). Within the Report, the Magistrate Judge opines that the motion to remand should be denied and the motion to dismiss should be granted. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Thereafter, Plaintiff filed objections (ECF No. 44) to which the Defendant replied. (ECF No. 47). Thus, this matter is ripe for review.

1

## II.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing herself, these standards must be applied while liberally construing her filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.   DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 38). The Report ultimately concludes that the motion to remand should be denied and the motion to dismiss should be granted as the complaint fails to state a viable claim.

In her response to the Report, Plaintiff has submitted a series of curt objections. Initially, Plaintiff concedes that this court does possess subject matter jurisdiction over her claims. *See* (ECF No. 44 at 2) ("Plaintiff does not object to this Court's jurisdiction and agrees that the matter may remain within this District Court."). Thus, the portion of the Report recommending the motion to remand be denied is adopted without objection.

The remainder of Plaintiff's objections state that the "Report and Recommendation applies legal standards related to unrelated credit or discrimination disputes. Its reasoning therefore does not properly reflect the issues raised in this matter. Plaintiff's claims are not

grounded in such disputes but in the handling of a lawful tender and collateral process under established statutory authority." (ECF No. 44, p. 2).

To the extent that these statements, or anything in Plaintiff's filing, could be considered specific objections, they would nevertheless be overruled. Plaintiff has asserted a series of disjointed, baseless, and conclusory statements that fail to offer any support for her position. Nothing in Plaintiff's filing provides support for her claims or elucidates any error in the Report. The court has nevertheless conducted a *de novo* review of Plaintiff's filings and agrees that Plaintiff has failed to state a plausible claim. Thus, Plaintiff's objections are overruled.

## IV.   CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 38). For the reasons discussed above and in the Report, Plaintiff's motion to remand (ECF No. 6) is denied and Defendant's motion to dismiss for failure to state a claim (ECF No. 18) is granted. Consequently, this matter is dismissed without prejudice and all other pending motions may be terminated as moot.

IT IS SO ORDERED.

November 7, 2025                             Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge